# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRACTIONAL VILLAS, INC., | CASE NO. 08cv1396 - IEG - POR |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND DENYING MOTION FOR MORE DEFINITE STATEMENT |
| vs. | |
| TAHOE CLUBHOUSE; GOT IT! REAL ESTATE AND DEVELOPMENT CORP.; DOES 1 through 25; DEL LAFOUNTAIN; RENE BREJC; WEBRESULTS; LARRY DRAUT, | (Doc. No. 15.) |
| Defendants. | |

Presently before the Court is a Rule 12(b)(6) motion to dismiss of defendants Tahoe Clubhouse, Got It! Real Estate, Rene Brejc, and Del LaFountain. (Doc. No. 15.) Alternatively, defendants request a more definite statement pursuant to Fed. R. Civ. P. 12(e). Defendants WebResults and Larry Draut did not join this motion. Plaintiff opposed and defendant replied.

## BACKGROUND

The following factual background is based upon allegations contained in plaintiff's complaint.

**A.    The Parties**

Plaintiff is a California corporation that provides real-estate marketing services to sellers of fractional ownership shares in real property. Fractional ownership involves buyers obtaining title as tenants in common with other buyers.

Defendant Del LaFountain is an individual and owner of Defendant Tahoe Clubhouse, a California entity doing business in Southern California. Defendant Rene Brejc is an individual who owns Defendant Got It! Real Estate and Development Corp. Defendant Larry Draut is an individual

1  who works as a web designer for Defendant WebResults.

2  **B.     Factual Background**

3  　　　Plaintiff promotes its services on its website, www.fractionalvillas.com ("plaintiff's website"). 4  On October 11, 2007, plaintiff obtained a federally registered copyright for the material on its website. 5  Plaintiff's website includes information regarding fractional ownership, frequently asked questions, 6  relevant legal issues, pricing, and available properties.  Each page of plaintiff's website includes a 7  prominent notice of registered copyright protection.

8  　　　Moving defendants are plaintiff's competitors in the fractional ownership market and promote 9  themselves on the website www.TahoeClubhouse.com ("defendants' website").  Defendants' website 10  copied extensive portions of plaintiff's website verbatim, including the information regarding 11  fractional ownership, frequently asked questions, and relevant legal issues.  Defendants allegedly did 12  not have permission to use any portion of the protected content of its website.

13 **C.     Procedural**

14  　　　On July 31, 2008, plaintiff filed a complaint alleging copyright infringement of United States 15  Copyright No. TX-6-613-055, federal unfair competition violations, and California state unfair 16  competition violations.  (Doc. No. 1.)

17  　　　On December 1, 2008, defendants LaFountain, Tahoe Clubhouse, Brejc, and Got It! Real 18  Estate filed the present motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) or, alternatively, for a 19  more definite statement pursuant to Fed. R. Civ. P. 12(e).  Plaintiff opposed the motion.

20  　　　　　　　　　　　　　　　　　**LEGAL STANDARD**

21 **A.     Motion to Dismiss**

22  　　　A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the 23  claims asserted in the complaint.  Fed. R. Civ. P. 12(b)(6).  To avoid a Rule 12(b)(6) dismissal, a 24  complaint need not contain detailed factual allegations; rather, it must plead "enough facts to state a 25  claim to relief that is plausible on its face."  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S.544 (2007).  The 26  court's review is limited to the contents of the complaint and must accept all factual allegations pled 27  in the complaint as true, drawing all reasonable inferences from them in favor of the nonmoving party.  28  <u>Cahill v. Liberty Mutual Ins. Co.</u>, 80 F.3d 336, 337-38 (9th Cir.1996).  In spite of this deference, it

1 is not proper for the court to assume that "the [plaintiff] can prove facts which [he or she] has not
2 alleged." Associated General Contractors of California, Inc. v. California State Council of Carpenters,
3 459 U.S. 519, 526 (1983).  Furthermore, a court is not required to credit conclusory legal allegations
4 cast in the form of factual allegations, unwarranted deductions of fact, or unreasonable inferences.
5 Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

**B.      Motion for a More Definite Statement**

7        Rule 12(e) entitles a party to a more definitive statement where a pleading "is so vague and
8 ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ.
9 P. 12(e).  Such a motion must point out the alleged defects and the details required. Fed.R.Civ.P.
10 12(e). Motions for more a definite statement are disfavored and are "proper only where the complaint
11 is so indefinite that the defendant cannot ascertain the nature of the claim being asserted." Sagan v.
12 Apple Computer, Inc., 874 F.Supp. 1072, 1077 (C.D.Cal.1994). Moreover, such motions may not be
13 used as a substitute for discovery. Id.

14                                  **DISCUSSION**

15 **A.      Motion to Dismiss**

16 **1.      Copyright Infringement Claim**

17        Plaintiff claims defendants copied copyrighted work contained on its website, placed it their
18 own website, and used the work to promote their business.

19 i.       Parties' Arguments

20        Defendants allege plaintiff failed to plead facts sufficient to show a defendant copied protected
21 facets of its work, citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) (requiring a complaint
22 contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of
23 action" to survive a 12(b)(6) motion to dismiss).  According to defendants, the complaint (1) fails to
24 allege the specific works defendants allegedly copied; (2) does not specify which defendants violated
25 the copyright; and (3) does not describe the manner in which defendants infringed the copyright.
26 Defendants cite two cases from the Southern District of New York in which courts dismissed
27 copyright infringement claims as being too ambiguous: Marvullo v. Gruner & Jahr, 105 F. Supp. 2d
28 225, 228-232 (S.D.N.Y. 2000)(rejecting as insufficient a claim asserting defendants "contributorily

1 infringed said copyright by alternatively acquiring, publishing, using and placing upon the general
2 market . . . a photographic image which was copied largely from plaintiff's copyrighted photographic
3 image."); Lindsay v. The Wrecked and Abandoned Vessel R.M.S. Titanic, 1999 WL 816163, * 3-4
4 (S.D.N.Y. Oct. 13, 1999) (dismissing as insufficient a claim alleging defendant "did knowingly and
5 willfully infringe . . . by purchasing copies of the Subject Work."). In their reply, defendants rely on
6 Feist Publications v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991).

7 ii.    Analysis

8 "To establish [copyright] infringement, two elements must be proven, (1) ownership of a valid
9 copyright, and (2) copying of constituent elements of the work that are original." Feist Publications,
10 Inc. v. Rural Telephone Service Co., Inc., 499 U.S. 340, 361 (1991). First, plaintiff alleges it is the
11 owner of a valid copyright, Registered Copyright No. TX-6-613-055. (Compl. ¶ 14, *et seq.*) Second,
12 plaintiff alleges defendants copied constituent elements of the work that are original, namely the
13 content of the website, and used the work on defendants' website. (Compl. ¶ 21, *et seq.*) Taking these
14 allegations as true, the Court finds plaintiff sufficiently set forth the merits of the copyright claim.
15 Plaintiff made more specific allegations than the plaintiffs in either Marvullo or Lindsay by alleging
16 specific conduct which infringed the copyright.

17 The deficiencies claimed by defendants do not change this conclusion. First, plaintiff
18 sufficiently alleges defendants copied portions of the website protected by Copyright TX-6-613-055.
19 Second, plaintiff alleges each defendant infringed the copyright by copying the work. Third, plaintiff
20 describes the manner of the violation by describing how defendants copied the material elements of
21 the work and used it on their website.

22 Defendants' citation to Feist Publications is irrelevant. Feist is a landmark copyright case in
23 which plaintiff alleged defendants violated his copyright by copying portions of plaintiff's publication,
24 which was a phonebook. The Supreme Court held the Copyright Act does not protect the "selection,
25 coordination, and arrangement" of facts. In this case, plaintiff alleges defendants copied the style and
26 content of its website, much more substantive work than a phonebook. The Court DENIES
27 defendant's motion to dismiss the copyright claim.

28 **2.     Lanham Act Unfair Competition Claims**

Plaintiff alleges defendants' intentional infringement of its work constitutes unfair competition under the Lanham act, codified at 15 U.S.C. § 1125(a). Specifically, plaintiff alleges defendants provided information about fractional ownership to customers, represented that the information originated with defendants, and caused confusion as to the origin of the information.

i.   Parties' Argument

Defendants argue the Lanham act cannot be used to provide a surrogate for copyright law, citing Dastar Corporation v. Twentieth Century Fox Film Corporation, 539 U.S. 23, 28 (2003). Defendants argue the "origin of goods," as used in the Lanham act, "refers to the producer of the tangible goods that are offered for sale, and not to the author of any idea, concept, or communication embodied in those goods." Id. at 37. Defendants argue plaintiff's claim reflects a misunderstanding the Lanham Act's applicability and the Court's use of the word "origin." Alternatively, defendants argue plaintiff fails to state a claim under the Latham Act upon which relief may be granted.

Plaintiff argues its second claim is a "reverse passing off" claim under the Lanham Act. Plaintiff argues this case is about more than a false copyright claim, but rather involves allegations defendants are plaintiff's competitors and represent themselves as the source of professional advice and educational material that really originate with plaintiff.

ii.   Analysis

Section 15 U.S.C. § 1125(a) states in relevant part:

> (a)(1) Any person who . . . uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which--
>
> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
>
> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a).

Dastar involved a "reverse passing off" claim based on the defendant's alleged redaction and

1  modification of tapes of the plaintiff's television series to compile a videotape product that did not
2  attribute the work to the plaintiff. 539 U.S. at 28. The Court found the phrase "origin of goods," as
3  used in the Lanham Act, referred to the producer of tangible goods offered for sale, and not the author
4  of any idea, concept, or communication embodied in those goods. Id. To extend the Lanham Act to
5  protect any "idea, concept, or communication . . . would be akin to finding [the Lanham Act] created
6  a species of perpetual patent and copyright, which Congress may not do." Id. at 37.

7  In the present case, plaintiff accuses defendants of unfair competition and falsely designating
8  the origin of original work. The original work is apparently information contained on plaintiffs
9  website, not a tangible good or service. Plaintiff has not accused defendants of taking tangible objects
10 or services, repackaging them, and selling them under defendants' name. Rather, plaintiff has accused
11 defendants of incorporating copyrighted materials into defendants' website. Therefore, the Court finds
12 plaintiff has failed to plead a cause of action under the Lanham Act.

13 Further, even if this was covered by the Lanham Act, Plaintiff fails to state a claim upon which
14 relief can be granted under 15 U.S.C. § 1125(a). In order to plead a claim under 15 U.S.C. §1125, a
15 plaintiff must allege defendants used any "word, term, name, symbol, or device, or any combination
16 thereof" which "is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation,
17 connection, or association" of defendant with plaintiff. Beyond conclusory allegations, plaintiff fails
18 to plead any specific facts that show the unauthorized use of its intellectual property caused confusion,
19 induced mistake, or deceived as to the affiliation of defendant with plaintiff. Accordingly, the Court
20 GRANTS defendant's motion to dismiss the Lanham Act claim.

21 **3.    California Unfair Competition Claims**

22 Plaintiff alleges defendants violated California Business and Professions code §17200, which
23 prohibits unfair competition, by infringing plaintiff's copyright.

24 i.    Parties' Arguments

25 Defendants assert plaintiff's California unfair competition claims should be dismissed. First,
26 defendants argue, the Court should dismiss the claims to the extent plaintiff predicates its claim on
27 Lanham Act violations because the Lanham Act violations fail, as discussed above. Defendants
28 contend, the unfair competition portion of the claim is defective because it is coterminous with the

1  Lanham Act claim. Second, defendants argue, after the Court dismisses the unfair competition portion
2  of the claim, the remaining portion should be dismissed because the Copyright Infringement claim is
3  defective and the Copyright Act preempts the California unfair competition claim.

4  Plaintiff argues he properly asserted defendants committed unlawful business acts by
5  committing copyright infringement, thereby, satisfying the requirements of California Business and
6  Professions Code §17200. Because plaintiff does not premise this claim on the Lanham act, the Court
7  analyzes the motion to dismiss with regard to the Copyright Act.

8  ii.   Analysis

9  California law prohibits unfair competition, defined as "any unlawful, unfair or fraudulent
10 business act or practice." Cal. Bus. & Prof. Code § 17200. Because section 17200 is written in the
11 disjunctive, it prohibits three separate types of unfair competition: (1) unlawful acts or practices, (2)
12 unfair acts or practices, and (3) fraudulent acts or practices. Cel-Tech Communications, Inc. v. Los
13 Angeles Cellular Telephone Co., 20 Cal.4th 163, 180 (1999). To find a practice unlawful, the practice
14 must be in violation of an existing law. Id.

15 Plaintiff alleges the "unlawful" practice was a violation of the Copyright Act. Because the
16 copyright infringement claim is not defective, as discussed above, the Court turns to defendants'
17 preemption argument. A state law claim is preempted by the Copyright Act if: (1) the work involved
18 falls within the "subject matter" of the Copyright Act described in 17 U.S.C. §§ 102 and 103; and (2)
19 the rights a plaintiff asserts under state law are "rights that are equivalent" to those protected by the
20 Copyright Act § 106. Laws v. Sony Music Entertainment, Inc., 448 F.3d 1134, 1137 (9th Cir. 2006).
21 Plaintiff may not simply recast copyright claims as state law claims to circumvent the standing
22 requirements of the Copyright Act, as that would defeat Congress' intent to have federal law occupy
23 the entire field of copyright. Sybersound, 517 F.3d 1137, 1150-51 (9th Cir. 2008).

24 First, the Court must determine whether the work involved is within the "subject matter" of
25 the Copyright Act. To the extent the claim relies only on copyright infringement as a form of unfair
26 competition, the claim is preempted by the Copyright Act. Plaintiff's claim appears to rest solely on
27 the copyright infringement claim: "the Plaintiff alleged that the Defendants committed the unlawful
28 business act of Copyright Infringement and that they did so to promote their own business dealings."

(Pl. Opp. at 2.) This falls within the subject matter of the Copyright Act.

Second, the Court must determine whether the rights asserted are "rights that are equivalent" to those protected by the Copyright Act. The state law claim based on acts that would constitute infringement "must protect rights that are qualitatively different from the copyright rights." <u>Del Madera Props. v. Rhode & Gardner, Inc.</u>, 820 F.2d 973, 977 (9th Cir.1987). There is only one sentence of non-conclusory allegations contained in the claim:

> "Defendants' . . . acts . . . constitute unfair, deceptive, untrue, and misleading advertising, in that Defendants represent to the public that the Infringing Website is comprised of unique material, does not give credit to Plaintiff for the work, and wrongfully attempts to assert an ownership interest in Plaintiff's work and/or copyright."

(Compl., ¶ 47.) None of these allegations exceed the scope of protection afforded under the Copyright Act. Accordingly, the Court GRANTS defendants motion to dismiss the California Unfair Competition claim.

**B.    Motion for a More Definite Statement**

Defendants argue plaintiff's complaint fails to allege which specific original works are subject of the copyright claim and by what acts during what time the defendants infringed the copyrights.

The omission of these details does not render plaintiff's complaint so ambiguous or vague that defendants cannot be required to frame a responsive pleading. Fed. R. Civ. 12(e). Defendants are aware of the claimed copyrighted materials contained on the website and are aware plaintiff alleges defendants copied the work onto defendants website. Accordingly, the Court DENIES the motion for a more definite statement.

## CONCLUSION

Defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART. Defendants' motion for a more definite statement is DENIED. Plaintiff may file an amended complaint curing the deficiencies set forth above within 20 days of the file stamped date on this order.

**IT IS SO ORDERED.**

DATED: January 22, 2009

_Irma E. Gonzalez_
IRMA E. GONZALEZ, Chief Judge
United States District Court