1

2

3

4

5

6

7

8                            **UNITED STATES DISTRICT COURT**

9                          **SOUTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  FRACTIONAL VILLAS, INC., | CASE NO. 08cv1396 - IEG - POR |
| 12                          Plaintiff, | |
|        vs. | ORDER GRANTING DEFENDANT |
| 13 | WEBRESULTS'S MOTION TO |
|     | DISMISS FOR IMPROPER VENUE |
| 14  TAHOE CLUBHOUSE; DEL | AND DENYING MOTION TO |
|     LAFOUNTAIN; GOT IT! REAL ESTATE | DISMISS AS MOOT |
| 15  AND DEVELOPMENT CORP.; RENE | [Doc. NO. 18.] |
|     BREJC; WEBRESULTS; LARRY DRAUT; | |
| 16  and DOES 1-25., | |
| 17                          Defendant. | |

18          Before the Court is defendant WebResults's (1) Rule 12(b)(3) motion to dismiss for improper

19   venue and (2) Rule 12(b)(6) motion to dismiss.  (Doc. No. 18.)  Plaintiff opposed and defendant

20   replied.  Because the Court finds venue improper, the Rule 12(b)(6) motion is moot.  On February 11,

21   2009, plaintiff filed a Second Amended Complaint.  The new complaint contains no additional

22   allegations affecting the Court's venue determination; therefore, the venue issues are still ripe.

23                                       **BACKGROUND**

24          The following factual background is based upon allegations contained in plaintiff's complaint

25   and an affidavit submitted by the president of Exceptional Resources (d.b.a. WebResults).

26   **A.      The Parties**

27          Plaintiff is a California corporation that provides real-estate marketing services to sellers of

28   fractional ownership shares in real property.  Fractional ownership involves buyers obtaining title as

tenants in common with other buyers.

Defendant Del LaFountain is an individual and owner of Defendant Tahoe Clubhouse, a California entity doing business in Southern California.  Defendant Rene Brejc is an individual who owns Defendant Got It! Real Estate and Development Corp.  Defendant Larry Draut is an individual who allegedly works as a web designer for Defendant WebResults.

Plaintiff alleges WebResults is an entity residing in South Lake Tahoe, California.  Plaintiff believes WebResults provides website design services and does business in California, including the Southern District of California.  Defendant claims "WebResults" is a fictitious business name for Exceptional Resources, Inc., a Nevada corporation with its principal place of business in Canada.

**B.     Factual Background**

Plaintiff promotes its services on its website, www.fractionalvillas.com ("plaintiff's website").  On October 11, 2007, plaintiff obtained a federally registered copyright for the material on its website.  Plaintiff's website includes information regarding fractional ownership, frequently asked questions, relevant legal issues, pricing, and available properties.  The website also contains a "Copyright Notice" which states: "By using this site . . .. You also agree to the venue and jurisdiction of the Superior Court of San Diego or the U.S. District Court in the Southern District of California."  (Doc. No. 25-4.)

Defendant Tahoe Clubhouse is plaintiff's competitor in the fractional ownership market and promotes itself on the website www.TahoeClubhouse.com ("Tahoe website").  The Tahoe website copied extensive portions of plaintiff's website verbatim, including information regarding fractional ownership, frequently asked questions, and relevant legal issues.  Defendants allegedly did not have permission to use any portion of the protected content of its website.

Defendant WebResults allegedly employed Larry Draut, the designer of the Tahoe website.  The president of Exceptional Resources, Karen Sicoli, submitted a declaration in which she claims Larry Draut has never worked for Exceptional Resources (or WebResults) and that the company never authorized Larry Draut to represent himself as doing business for the company.  Ms. Sicoli also states the company has never done any business related to the Tahoe website.  It appears, from an email attached to plaintiff's opposition, that Larry Draut mistakenly used the name WebResults in an email

1    address in an attempt to "sound more professional."  (Doc. No. 25-5.)

2    **C.       Procedural Background**

3           On July 31, 2008, plaintiff filed a complaint alleging copyright infringement of United States

4    Copyright No. TX-6-613-055, federal unfair competition violations, and California state unfair

5    competition violations.  (Doc. No. 1.)

6           WebResults filed the instant motion to dismiss pursuant to Rule 12(b)(3) and Rule 12(b)(6)

7    on December 16, 2008.  Plaintiff filed an opposition and defendant filed a reply.  The Court heard oral

8    argument on February 9, 2009.  On February 11, 2009, plaintiff filed a Second Amended Complaint.

9                                          **LEGAL STANDARD**

10          Federal Rule of Civil Procedure 12(b)(3) allows a party to move for dismissal based on

11   improper venue.  In general, venue must be proper for each defendant and each claim.  Hoover Group,

12   Inc. v. Custom Metalcraft, Inc., 84 F.3d 1408, 1410 (Fed. Cir. 1996).  The burden is on the plaintiff

13   to show that venue is proper.  See Nissan Motor Co. v. Nissan Computer Corp., 89 F. Supp. 2d 1154,

14   1161 (C.D. Cal. 2000).  This burden is satisfied where the plaintiff provides a "prima facie showing

15   of proper venue."  Id.  The Court draws inferences in favor of the non-moving party, but the Court

16   need not accept the pleadings as true, and may look to facts outside of the pleadings.  Murphy v.

17   Schneider Nat'l, Inc., 362 F.3d 1133, 1137 (9th Cir. 2004). If a the parties raise a genuine factual issue,

18   the Court may stay the Rule 12(b)(3) motion and hold an evidentiary hearing on the disputed facts.

19   Id. at 1139.  "Alternatively, the district court may deny the Rule 12(b)(3) motion while granting leave

20   to refile it if further development of the record eliminates any genuine factual issue."  Id.

21          In a copyright action, 28 U.S.C. §1400(a) controls venue:

22               Civil actions, suits, or proceedings arising under any Act of Congress
                 relating to copyrights . . . may be instituted in the district in which the
23               defendant or his agent resides or may be found.

24   For the purposes of this statute, a defendant "resides" in "any judicial district in which the defendant

25   would be amenable to personal jurisdiction if the district were a separate state."  Columbia Pictures

26   Television v. Krypton Broadcasting of Birmingham, Inc., 106 F.3d 284, 288 (9th Cir. 1997).

27          Venue for plaintiff's other claims is evaluated under 28 U.S.C. § 1391(b):

28               A civil action wherein jurisdiction is not founded solely on diversity
                 of citizenship may . . . be brought only in (1) a judicial district where

1  any defendant resides, if all defendants reside in the same State, (2) a
2  judicial district in which a substantial part of the events or omissions
   giving rise to the claim occurred, or a substantial part of property that
   is the subject of the action is situated, or (3) a judicial district in which
3  any defendant may be found, if there is no district in which the action
   may otherwise be brought
4

5  Under that statute, a defendant-corporation "resides" in "any district in that State within which its

6  contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State."

7  28 U.S.C. 1391(c).  If no such district exists, then "the corporation shall be deemed to reside in the

8  district within which it has the most significant contacts." Id.

9                                    **DISCUSSION**

10  **A.       Forum Selection Clause**

11  i.       Parties' Argument

12         Plaintiff contends WebResults consented to jurisdiction and venue in the Southern District of

13  California by using its website.  On its website, plaintiff posted a "Copyright Notice" which states:

14  "By using this site . . .. You also agree to the venue and jurisdiction of the Superior Court of San

15  Diego or the U.S. District court in the Southern District of California."  (Doc. No. 25-4.)  Plaintiff

16  argues Larry Draut, in creating www.tahoeclubhouse.com, used material from plaintiff's website;

17  therefore, he must have visited the site and consented to the forum selection provision.  Plaintiff

18  argues venue is proper for WebResults because Larry Draut is somehow connected to the company.

19  As evidence, plaintiff points to Larry Draut's use of an email address containing the word

20  "webresults."

21         WebResults contends plaintiff has made no showing it used the site, a prerequisite for

22  triggering the forum-selection provision.  WebResults contends Larry Draut had no connection to

23  WebResults, citing the declaration of its President, Karen Sicoli.  In her declaration, Karen Sicoli

24  states, "WebResults was not involved in any way in, and did not receive any pecuniary gain from, the

25  transaction between defendants Tahoe Clubhouse, Del LaFountain, Got It! Real Estate and

26  Development, and Larry Draut."   (Doc. No. 18-2.)  Further, defendant notes plaintiff attached an

27  email to its opposition in which Larry Draut admits he was not working for WebResults.  (Doc. No.

28  25-5.)

ii.      Analysis

Courts have held that a party's use of a website may be sufficient to give rise to an inference of assent to the Terms of Use contained therein (so called "browsewrap contracts"). <u>See, e.g.</u> <u>Ticketmaster L.L.C. v. RMB</u>, 507 F.Supp.2d 1096, 1107 (C.D.Cal.2007) ("Having determined that Plaintiff is highly likely to succeed in showing that Defendants viewed and navigated through ticketmaster.com, the Court further concludes that Plaintiff is highly likely to succeed in showing that Defendant received notice of the Terms of Use and assented to them by actually using the website."); <u>Pollstar v. Gigmania, Ltd.</u>, 170 F.Supp.2d 974 (E.D.Cal.2000) (finding that dismissal of breach of contract claim is inappropriate, even though visitors to plaintiff's website were presumably "not aware that the license agreement is linked to the homepage" and "the user is not immediately confronted with the notice of the license agreement.")

However, in <u>Ticketmaster</u> the plaintiff was able to show defendant used the website.  The Court determined defendant must have viewed the website because defendant's product relied on information contained on the copyrighted website.  507 F. Supp. 2d at 1106.

In the instant case, plaintiff has failed to show either (1) WebResults visited the site or (2) Larry Draut was an agent of WebResults.  First, at oral argument, plaintiff admitted it had no evidence WebResults visited the site.  Second, the only evidence plaintiff offered connecting Larry Draut to WebResults was the use of an email address with the domain name "webresults." (Doc. No. 25–5.) However, *plaintiff* offered evidence that Larry Draut used the domain name "webresults" because he thought it "sounds more professional" and not because of any connection to defendant WebResults. <u>Id.</u>  Additionally, defendant submitted a declaration, signed under the penalty of perjury, in which the president of WebResults averred the company was not involved in the alleged transaction.  (Doc. No. 18-2.)  Because plaintiff cannot show WebResults, or any of its agents,  visited the site, plaintiff fails to show WebResults accepted the forum selection clause.

**B.      Venue For the Copyright Claim under 28 U.S.C. § 1400(a)**

i.      Parties' Argument

Plaintiff acknowledges 28 U.S.C. §1400 allows a civil suit for copyright infringement to be instituted in any district "in which the defendant or his agent resides or may be found."  28 U.S.C.

§1400. Plaintiff notes a defendant may be found "in any judicial district in which the defendant would be amendable to personal jurisdiction if the district were a separate state," citing <u>Columbia Pictures Television v. Krypton Broadcasting of Birmingham, Inc.</u>, 106 F.3d 284, 288 (9th Cir. 1997) (overruled on other grounds).  Plaintiff argues WebResults waived personal jurisdiction by failing to raise it in its Rule 12(b) motion.  Plaintiff contends WebResults is subject to personal jurisdiction in this district; therefore, it is also subject to venue.  Finally, plaintiff argues WebResults resides in this district because "a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 18 U.S.C. §1391(c).

Defendant asserts plaintiff improperly conflates personal jurisdiction and venue.  Defendant further asserts it has no contacts with the district.

ii.    <u>Analysis</u>

Plaintiff is incorrect when it claims WebResults's waiver of personal jurisdiction makes venue proper.  Venue and personal jurisdiction issues are technically independent requirements and a court cannot proceed in the absence of either.  <u>Threlkeld v. Tucker</u>, 496 F.2d 1101, 1103-1104 (9th Cir. 1974).  Venue is determined at the time the action is commenced.  <u>Tenefrancia v. Robinson export & Import Corp.</u>, 921 F.2d 556, 559 (4th Cir. 1990).  A corporation is subject to venue in any district in which it resides.  <u>See</u> 28 U.S.C. § 1400.  A corporation resides in the district in which it would be subject to personal jurisdiction, if the judicial district was a separate State.  <u>See</u> <u>Columbia Pictures Television</u>, 106 F.3d at 288.  To show proper venue, plaintiff must show *at the time the case was commenced* that WebResults was found, or resided in, the Southern District of California.  Therefore, WebResult's *subsequent* waiver of personal jurisdiction has no impact on the Court's analysis.

Venue for copyright claims is governed by 28 U.S.C. §1400(a), which allows a plaintiff to bring a suit "in the district in which the defendant or his agent resides or may be found."  The Ninth Circuit has interpreted Section 1400(a) to mean venue is proper "in any judicial district in which the defendant would be amenable to personal jurisdiction if the district were a separate state." <u>Columbia Pictures</u>, 106 F.3d at 288.  Therefore, an analysis of defendant's motion requires an analysis of personal jurisdiction, treating the Southern District of California as if it was its own state.  <u>Id.</u>

1   Personal jurisdiction over a non-resident defendant can be either general or specific.[1]

2   *(1) General Jurisdiction*

3       General jurisdiction exists when the defendant's contacts with the forum state are substantial

4   or continuous and systematic, a "fairly high" standard.  Bancroft & Masters, Inc. v. Augusta Nat'l,

5   Inc., 223 F.3d 1082, 1086 (9th Cir.2000).   The defendant's contacts must approximate physical

6   presence in the forum state. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 801 (9th Cir.

7   2004). Factors considered in evaluating the extent of contacts include whether the defendant makes

8   sales, solicits or engages in business, designates an agent for service of process, holds a license, or is

9   incorporated in the forum state. Bancroft, 223 F.3d at 1086.

10      In Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416 (1984), the Supreme

11  Court found insufficient contacts to establish general jurisdiction when the defendant was a foreign

12  corporation, had no place of business in the forum, and was not licensed to do business in the forum.

13  In the present case, defendant WebResults is a foreign corporation, with no place of business in the

14  Southern District of California, and no license to do business here.  Accordingly, the Court finds the

15  Southern District would not have general jurisdiction over WebResults if the district was its own state.

16  *(2) Specific Jurisdiction*

17      Specific jurisdiction exists when the cause of action arises out of or relates to the defendant's

18  activities within the forum. Data Disc, Inc., 557 F.2d at 1286.  In tort and copyright cases, courts use

19  a three-prong test: (1) the non-resident defendant must purposefully direct its conduct at the forum;

20  (2) the claim must have arisen from defendant's forum-related conduct; and (3) jurisdiction must be

21  reasonable.  Lake v. Lake, 817 F.2d 1416, 1421 (9th Cir.1987); Brayton Purcell LLP v. Recordon &

22  Recordon, 361 F. Supp. 2d 1135, 1140 (N.D. Cal. 2005) (finding purposeful direction analysis

23  appropriate in copyright suits).

24      At oral argument, plaintiff stated WebResults's sole contact with the forum was through Draut.

25  As discussed above, the Court finds plaintiff has failed to show Larry Draut was an agent of

26  _____

27      [1] As alleged, the Southern District would not have any traditional bases for jurisdiction over
    Defendant WebResults because it is not incorporated in California and its principal place of business
28  is not alleged to be in the Southern District.  The issue of consent would be intertwined with the forum
    selection clause above.

WebResults.  Further, at oral argument, plaintiff admitted it could not offer any other evidence of WebResults's contacts with the district.  Accordingly, the Court finds plaintiff has failed to show the Southern District of California would have specific jurisdiction over WebResults.  For the foregoing reasons, the Court finds venue improper for the copyright action.

**C.      Venue for the Non-Copyright Claims under 28 U.S.C. § 1391**

Venue for the other claims is governed by 28 U.S.C. § 1391, which allows a plaintiff to bring an action in three districts:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).  Again, in a state with multiple judicial districts, a corporation resides in "any judicial district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State."  28 U.S.C. § 1391(c).

Plaintiff has not shown all defendants reside in the same state.  Exceptional Resources, Inc., (dba WebResults) is a Nevada corporation with a principal place of business in Canada. (Doc. No. 25-5.)  Plaintiff offers no evidence of WebResults's contacts with the state of California or with the Southern District of California.  Therefore, plaintiff cannot show WebResults resides in California.

Further, the Southern District of California is not the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.  The substantial part, if not all, events and omissions giving rise to the claim occurred in the Eastern District of California.  In its complaint, plaintiff alleges Larry Draut contracted to create www.tahoeclubhouse.com in South Lake Tahoe, California.  Further, Larry Draut created and posted the site while he was in South Lake Tahoe.  Therefore, the Southern District of California would be the improper venue.

Finally, the action may be brought in another district, the Eastern District of California.  The Court finds plaintiff cannot establish venue in the Southern District for its non-copyright claims.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS WebResults's motion to dismiss pursuant to Rule 12(b)(3).  The Court directs the Clerk of Court to DISMISS all claims against WebResults.

Case 3:08-cv-01396-IEG-POR   Document 30   Filed 02/25/09   PageID.169   Page 9 of 9

**IT IS SO ORDERED.**

DATED:  February 25, 2009

IRMA E. GONZALEZ, Chief Judge
United States District Court

- 9 -

08cv1396 - IEG - POR