1
2
3
4
5
6
7      **UNITED STATES DISTRICT COURT**
8      **SOUTHERN DISTRICT OF CALIFORNIA**
9

| 10 | FRACTIONAL VILLAS, INC., | CASE NO. 08cv1396 - IEG - POR |
|----|---|---|
| 11 | Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS COUNT TWO OF SECOND AMENDED COMPLAINT [Doc. No. 31.] |
| 12 | vs. | |
| 13 | TAHOE CLUBHOUSE; GOT IT! REAL ESTATE AND DEVELOPMENT CORP.; DOES 1 through 25; DEL LAFOUNTAIN; RENE BREJC; LARRY DRAUT, | |
| 14 | | |
| 15 | Defendants. | |

16    Defendants Tahoe Clubhouse, Got It! Real Estate, Rene Brejc, and Del LaFountain
17 (collectively "Defendants") filed a Rule 12(b)(6) motion to dismiss Count Two of Plaintiff's Second
18 Amended Complaint (SAC). (Doc. No. 31.) Plaintiff did not file an opposition. Having considered
19 Defendants' arguments, the Court GRANTS Defendants' motion for reasons set forth below.

20                                  **BACKGROUND**

21    Plaintiff's first amended complaint sought relief from copyright infringement, federal unfair
22 competition violations, and unfair competition under California Civil Code §17200. Plaintiff alleged
23 Defendants copied portions of Plaintiff's copyrighted website ("the Work") and used the Work to
24 compete in the fractional ownership market. On January 22, 2009, the Court dismissed Plaintiff's
25 Lanham Act claim and Section 17200 claim as preempted by the Copyright Act.

26    Plaintiff filed the SAC, alleging copyright infringement and unfair competition under section
27 17200. The Section 17200 claim alleges Defendants infringed the copyright to unfairly compete with
28 Plaintiff. Defendants move to dismiss the section 17200 claim pursuant to Rule 12(b)(6).

Case 3:08-cv-01396-IEG-POR   Document 38   Filed 05/08/09   PageID.187   Page 2 of 3

**LEGAL STANDARD**

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations; rather, it must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S.544 (2007). The court's review is limited to the contents of the complaint and it must accept all factual allegations pled in the complaint as true, drawing all reasonable inferences from them in favor of the nonmoving party. Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir.1996). In spite of this deference, it is not proper for the court to assume "the [plaintiff] can prove facts which [he or she] has not alleged." Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). Furthermore, a court is not required to credit conclusory legal allegations cast in the form of factual allegations, unwarranted deductions of fact, or unreasonable inferences. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

**DISCUSSION**

i.   Parties' Arguments

Defendants argue Plaintiff's section 17200 claim is still preempted by the Copyright Act. According to Defendants, infringing use of a copyright to compete with a copyright holder is prohibited by the Copyright Act, citing Laws v. Sony Music Entertainment, Inc., 448 F.3d 1134, 1137 (9th Cir. 2006); Goldberg v. Cameron, 482 F. Supp. 2d 1136 (N.D. Cal. 2007); RDF Media Ltd. v. Fox Broadcasting Co., 372 F. Supp. 2d 556 (C.D. Cal. 2005). Therefore, Defendants argue the right asserted is equivalent to rights protected by the Copyright act and should be dismissed with prejudice.

ii.   Analysis

The Copyright Act preempts a state law claim if: (1) the work involved falls within the "subject matter" of the Copyright Act described in 17 U.S.C. §§ 102 and 103; and (2) the rights asserted under state law are equivalent to rights protected by the Copyright Act. Laws v. Sony Music Entertainment, Inc., 448 F.3d 1134, 1137 (9th Cir. 2006). Congress intended the Copyright Act to occupy the field; therefore, allowing a plaintiff to simply recast copyright claims as state law claims would defeat congressional intent. Sybersound Records, Inc. v. UAV Corp., 517 F.3d 1137, 1150-51

(9th Cir. 2008). The state law claim "must protect rights that are qualitatively different from the copyright rights." Del Madera Props. v. Rhode & Gardner, Inc., 820 F.2d 973, 977 (9th Cir.1987).

California law prohibits unfair competition, defined as "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. Because section 17200 is written in the disjunctive, it prohibits three separate types of unfair competition: (1) unlawful acts or practices, (2) unfair acts or practices, and (3) fraudulent acts or practices. Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co., 20 Cal.4th 163, 180 (1999). To find a practice unlawful, the practice must be in violation of an existing law. Id.

On January 22, 2009, the Court found the Copyright Act preempted Plaintiff's section 17200 claim. At that time, Plaintiff argued the alleged copyright infringement constituted the "unlawful act" for section 17200 purposes. The Court found the Copyright Act's subject matter covered the protected Work and Plaintiff was asserting a right equivalent to those protected by the Copyright Act.

The Copyright Act continues to preempt Plaintiff's section 17200 claim notwithstanding the amendments embodied in the SAC. First, the Work involved is still within the "subject matter" of the Copyright Act because Plaintiff continues to allege the work in question is copyrighted material.

Second, the right asserted is equivalent to those protected by the Copyright Act. Plaintiff alleges Defendant's activities constitute unfair competition because it infringed the copyright with the intent to unfairly compete. Specifically, Plaintiff alleges Defendants deceived third parties by claiming ownership of the Work; thereby unfairly competing with Plaintiffs. The "unlawful act" is still copyright infringement. Plaintiff merely recasts an infringement claim using unfair competition jargon.

## CONCLUSION

For the foregoing reasons, the Court GRANTS WITH PREJUDICE Defendants' Motion to Dismiss Count Two of Plaintiff's Second Amended Complaint because amendment would be futile.

**IT IS SO ORDERED.**

**DATED: May 8, 2009**

*[signature]*
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**