Henry Harmeling IV, State Bar No. 207673
LAW OFFICES OF HENRY HARMELING IV, APC
402 W. Broadway, Suite 1760
San Diego, California 92101
EMAIL: hh@hh4law.com
TEL: (619) 814-3505
FAX: (858) 408-2405

Attorneys for Plaintiff FRACTIONAL VILLAS, INC.

## UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRACTIONAL VILLAS, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>TAHOE CLUBHOUSE, an unknown entity; GOT IT! REAL ESTATE AND DEVELOPMENT CORP., a Nevada corporation; DEL LAFOUNTAIN, an individual; RENE BREJC, an individual; and DOES 1 - 25,<br><br>Defendants. | Case Number: 08-cv-1396-IEG (POR)<br><br>**STIPULATED SETTLEMENT AGREEMENT, MUTUAL RELEASE OF CLAIMS, STIPULATION FOR ENTRY OF JUDGMENT** |

This Stipulated Settlement Agreement, Mutual Release, and Stipulation for Entry of Judgment ("Agreement") is entered into by and between Plaintiff FRACTIONAL VILLAS, INC. ("Plaintiff" or "FVI") and Defendants TAHOE CLUBHOUSE, GOT IT! REAL ESTATE AND DEVELOPMENT CORP., DEL LAFOUNTAIN, and RENE BREJC ("Settling Parties") with respect to the following facts:

A.  There is now pending in the United States District Court for the Southern District of California entitled *Fractional Villas, Inc. v. Tahoe Clubhouse, et al.*, Case No. 08-cv-1396-IEG (POR), wherein Plaintiff seeks monetary recovery and other relief from Defendants under various theories arising from Plaintiff's contention that Defendants infringed upon Plaintiff's copyright No. TX-6-613-055.  This action is referred to herein as the "Action."

B.  The Settling Parties filed an Answer to the operative complaint denying all salient allegations.

C. It is the desire of each of the undersigned parties to resolve and settle the disputes and claims between them set forth in the Action, and arising from or relating to the Action, to dismiss all portions of the Action, and to provide for a mutual release of all claims arising from or relating to the Action on the terms and conditions set forth below.

NOW THEREFORE, in consideration of the mutual promises of the parties herein and the mutual benefits to be gained by the performance hereof, and without making any admissions concerning the validity of the claims brought in the Action, the parties agree as follows:

**1.0   Jurisdiction and Venue**

    1.1   Jurisdiction of this Court is predicated upon the following:

        (a)   17 U.S.C. §§ 101, *et seq.*;

        (b)   28 U.S.C. § 1331;

        (c)   28 U.S.C. § 1338;

        (d)   28 U.S.C. § 1391(b);

        (e)   28 U.S.C. § 1391(c);

        (f)   28 U.S.C. § 1400(a);

        (g)   28 U.S.C. § 1400(b).

The parties have waived any objection to jurisdiction.

**2.0   Payment and Dismissal**

    2.1   The Settling Parties agree to pay Seven Thousand Five Hundred Dollars ($7,500.00) to Plaintiff in exchange for execution of this Agreement and the subsequent filing of a Dismissal with Prejudice of the Action. Each payment must be made out solely to "Henry Harmeling IV, APC - Client Trust Account." Each payment must be in the possession of Plaintiffs' counsel at Law Offices of Henry Harmeling IV, APC by 3:00 p.m. on the date due to constitute timely payment.

    2.2   Two Thousand Five Hundred Dollars ($2,500) of the settlement amount shall be paid to Plaintiff upon execution of this Agreement by all the undersigned parties. The parties agree to expeditiously review and execute this Agreement. Failure to do so will constitute a repudiation of the Agreement.

///

2.3     The balance of Five Thousand Dollars ($5,000.00) shall be paid to Plaintiff in two (2) equal installments of Two Thousand Five Hundred Dollars ($2,500.00) in 2009 on September 15th and October 15th.

2.4     Should Settling Parties fail to make any payment by 3 p.m. on the day such payment is due, as set forth more particularly herein, Plaintiff, by and through its counsel of record, shall give Settling Parties, by and through their counsel of record, Andres Quintana of Quintana Law Group, APC, a 5-day Notice to Cure. Such Notice to Cure may be sent to Mr. Quintana via facsimile at (818) 914-2101, and confirmation of the transmission thereof and hereto shall constitute effective notice of the Notice to Cure.

2.5     Within 5 business days after the final payment is made, and confirmation of the availability of funds is obtained, Plaintiff will execute and file a Dismissal with Prejudice of the Action.

**3.0    Releases**

3.1     Except as herein provided, the undersigned parties to this Agreement hereby unconditionally, irrevocably and absolutely release and discharge each other, their shareholders, partners, limited partners, directors, officers, attorneys, employees, agents, volunteers, successors, assigns, and any group, association, entity, or venture now or hereafter affiliated with them, or any of them, from any and all loss, liability, claims, demands, debts or expenses (including attorneys' fees and costs), causes of action or suits of any type related directly or indirectly to the Action. This paragraph shall not be construed in any way as a release by the Settling Parties of any causes of action or suits against defendants Larry Draut or Webresults.

3.2     In no way does this Agreement constitute a license by Plaintiff for Settling Parties to use, sell, offer for sale, distribute, publish, or re-publish Plaintiff's intellectual property. Settling Parties explicitly agree that any future or further violation or infringement of Plaintiff's intellectual property rights constitutes a separate and distinct action outside the parameters of this Agreement.

3.3     All rights under Section 1542 of the Civil Code of the State of California are hereby waived with respect to the release(s) set forth above. Said Civil Code Section states:

/ / /

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM, MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.**

Each party hereto understands and acknowledges the significance and consequences of this specific waiver of Section 1542 and hereby assumes full responsibility for and releases any and all actions, causes of action, claims, demands, damages, compensation, costs, loss of services, expenses and attorneys' fees, which may hereafter occur or which later become known to such party, including any right to rescind this Agreement.

3.4     The parties irrevocably and absolutely agree that they will not prosecute nor allow to be prosecuted on their behalf nor instigate any prosecution of any claim or demand of any type relating to the matters released above in any court, whether federal, state or in any administrative body, it being the intention of the parties with the execution of this Agreement, that they will be absolutely, unconditionally and forever discharged of and from all obligations to or on behalf of the parties related in any way to the matters discharged herein.

3.5     This Agreement is intended to effect a final resolution and settlement of any and all existing disputes and claims between the undersigned parties, regardless of their nature or the basis upon which they arose, or which have arisen or hereinafter may arise by any matter, cause of action or thing whatsoever which occurred prior to the date of this Agreement including, but not limited to, all of those claims which were or could have been asserted in the civil action and any future claims or damages which might arise from the facts, circumstances, conduct, contractual arrangements or occurrences which were or could have been subject to said civil action.

**4.0     Attorneys' Fees and Costs Arising from the Action**

Each party herein shall be responsible for his or its own attorneys' fees and costs incurred in the Action and/or arising from or relating to the Action, as well as in the negotiations and preparation of this Agreement, except as herein provided.

/ / /

**5.0   Stipulation for Entry of Judgment and Retention of Court's Jurisdiction**

5.1   The Magistrate Judge, Louisa S. Porter, shall retain jurisdiction over all disputes between and among the parties arising out of this Agreement, including but not limited to interpretation and enforcement of the terms of the settlement agreement.

5.2   If Settling Parties fail to timely make any of the required payments, and following the expiration of a properly-noticed 5-day Notice to Cure, Settling Parties stipulate that judgment may be entered against them pursuant to this Agreement. The Settling Parties further agree that the judgment may be entered on an ex parte basis; no noticed motion will be required. The amount of the judgment will be Seven Thousand Five Hundred Dollars ($7,500) less credit for any payments made, plus interest calculated at 10% per annum, and may be amended to include attorneys' fees and costs as provided herein.

5.3   The Settling Parties reserve the right to present conflicting evidence at any ex parte hearing regarding whether the balance due has been paid. However, the Settling Parties waive all rights to assert defenses on the merits of the Action and further waive all rights to any hearing, trial, appeal, writ or other procedure challenging or collaterally attacking any judgment or order entered pursuant to this Agreement, or any aspect thereof.

**6.0   General Provisions**

6.1   This Agreement contains the entire agreement between the undersigned parties and there have been no other promises, inducements or agreements not expressed in this Agreement, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written, and whether by a party or such party's legal counsel, are merged herein. No modification, waiver, amendment, discharge, or change of this Agreement shall be valid unless the same is in writing and signed by the party against which the enforcement of such modification, waiver, amendment, discharge or change is or may be sought.

6.2   It is further understood and intended that this Agreement constitutes a compromise of disputed claims and is not to be construed as an admission of liability, responsibility, or wrongdoing on the part of any person or entity referred to herein.

6.3   All provisions in this Agreement are contractual in nature and are not mere recitals.

6.4     This Agreement has been reviewed by the parties hereto and their respective attorneys, and the parties have had a full opportunity to negotiate the contents hereof. The parties hereto expressly waive any common law or statutory rule of construction that any ambiguities should be construed against the drafter of this Agreement.

6.5     In the event that any provision of this Agreement is found to be illegal or otherwise unenforceable, the remaining provisions shall remain in effect and be enforceable, it being the intention of the parties that any invalid provisions are severable.

6.6     This Agreement may be executed in several counterparts and all counterparts so executed shall constitute one agreement which shall be binding on all of the parties hereto, notwithstanding that all of the parties are not signatory to the original or the same counterpart.

6.7     This Agreement shall be effective on the date when the last party executes his, her or its counterpart, as shown by the date next to the party's signature below.

6.8     This Agreement is entered into in the State of California, County of San Diego and shall be construed, interpreted and enforced according to the laws of that State. If any litigation is to arise from this Agreement, said litigation shall be filed and the parties agree that the proper venue is United States District Court, Southern District of California.

6.9     The parties agree to cooperate fully and execute any and all additional documents and to take all additional actions which may be necessary or appropriate to give full force and effect to the terms and intent of this Agreement.

6.10    Each person signing this Agreement on behalf of a corporation or limited partnership declares that he or she has authority to sign on such entity's behalf, and agrees to indemnify and hold the other parties hereto harmless if he or she does not have such authority.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

6.11 If any action, arbitration, or proceeding arising out of or relating to this Agreement is brought by any party to enforce or interpret this Agreement, or if judgment is entered pursuant to this Agreement, the prevailing party or the party causing the judgment to be entered shall be entitled to receive from the other parties, in addition to any other relief that may be granted, all costs, fees and/or expenses of whatsoever kind and character including, but not limited to, reasonable attorneys' fees, expert witness fees (recoverable as damages, not costs), costs of suits or proceedings authorized by statute, and all other costs regardless of express statutory authorization (recoverable as damages, not costs), incurred by the prevailing party in that action, arbitration, or proceeding, or in the enforcement of any judgment or award rendered therein.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

(Signatures Continue Below)

| | |
|---|---|
| 1  The undersigned parties, having read the foregoing Agreement and fully understanding it and |
| 2  agreeing to its terms, hereby execute this Agreement and make it effective on the dates indicated |
| 3  below. |

1    The undersigned parties, having read the foregoing Agreement and fully understanding it and
2    agreeing to its terms, hereby execute this Agreement and make it effective on the dates indicated
3    below.

4    Dated: 8-14-09

             Tahoe Clubhouse
             By _____
             Title Owner

8    Dated: 8-14-09

             Got It! Real Estate and Development Corp.
             By Owner
             Title Secretary

13    Dated: 8-14-09

             Del LaFountain

15    Dated: 8-14-09

             Rene Breje

17    Dated: _____

             Fractional Villas, Inc., by Robert K. Vicino, President

19    Approved as to form and content:

20    Dated: August ____, 2009         Law Offices of Henry Harmeling IV, APC

             Henry Harmeling IV
             Attorneys for Plaintiff FRACTIONAL VILLAS, INC.

24    Dated: August 17, 2008         Quintana Law Group, APC

             Andres Quintana
             Attorneys for Defendants TAHOE CLUBHOUSE and GOT IT! REAL ESTATE AND DEVELOPMENT CORP.

| | |
|---|---|
| 1 | The undersigned parties, having read the foregoing Agreement and fully understanding it and |
| 2 | agreeing to its terms, hereby execute this Agreement and make it effective on the dates indicated |
| 3 | below. |

Dated: _____

_____
Tahoe Clubhouse

By _____

Title _____

Dated: _____

_____
Got It! Real Estate and Development Corp.

By _____

Title _____

Dated: _____

_____
Del LaFountain

Dated: _____

_____
Rene Brejc

Dated: __8/20/2009__

*[signature]*
_____
Fractional Villas, Inc., by Robert K. Vicino, President

Approved as to form and content:

Dated: August _20_, 2009

Law Offices of Henry Harmeling IV, APC

*[signature]*
_____
Henry Harmeling IV
Attorneys for Plaintiff FRACTIONAL VILLAS, INC.

Dated: August ____, 2008

Quintana Law Group, APC

_____
Andres Quintana
Attorneys for Defendants TAHOE CLUBHOUSE and GOT IT! REAL ESTATE AND DEVELOPMENT CORP.